UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David T. Clos,                                         Civ. File No. 06-4916 (PAM/FLN)

                    Plaintiff,

v.                                            **MEMORANDUM AND ORDER**

State of Minnesota; Joan Fabian,
Commissioner of Minnesota
Department of Corrections; Wright
County, a political subdivision; Gary
Miller, Sheriff of Wright County;
Corrections Corporation of America,
a corporation; and Daren Swenson,
Warden,

                    Defendants.

This matter is before the Court on the Report and Recommendation of Magistrate Judge Franklin L. Noel dated September 12, 2007. Defendants State of Minnesota and Joan Fabian (collectively, the "State Defendants") have filed objections to that Report and Recommendation. The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L. R. 72.1(c)(2). Based on a review of the record, the Court grants in part and denies in part the State Defendants' objections to the Report and Recommendation.

**BACKGROUND**

Plaintiff David T. Clos is incarcerated at the Minnesota Correctional Facility in Lino

Lakes, Minnesota. His Amended Complaint concerns mistreatment he allegedly suffered while incarcerated at the Wright County Jail, operated by Defendant Wright County; and the Prairie Correctional Facility, operated by Defendant Corrections Corporation of America ("CCA"). In particular, Plaintiff contends that at both facilities he was subjected to severe discriminatory treatment on the basis of his substantial hearing impairment. Plaintiff's Amended Complaint raises state common-law claims and claims under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq.

## DISCUSSION

The Report and Recommendation ("R&R") recommended dismissing Plaintiff's claims for declaratory and injunctive relief as moot and his constitutional, state, and common-law claims as barred by the Eleventh Amendment to the United States Constitution. The R&R further recommended allowing Plaintiff to pursue his ADA claims against the State of Minnesota and Defendant Fabian. Plaintiff does not object to the dismissal Magistrate Judge Noel recommended, and thus the Court will dismiss those claims.

The State Defendants object to the Magistrate Judge's conclusion that Plaintiff may maintain his ADA claims against the State Defendants and argue that the State as a matter of law cannot be vicariously liable for the allegedly discriminatory actions of Wright County, the Wright County Sheriff, or CCA.

1. <u>Wright County</u>

Wright County is a political subdivision of the State of Minnesota. It is apparently on this basis alone that Plaintiff seeks to hold the State Defendants liable under the ADA, for

the Complaint alleges no action or inaction on the part of the State itself that would violate the ADA. (See Am. Compl. ¶ 11 (allegations of disability discrimination at Wright County Jail).)

The Court finds the State Defendants cannot be vicariously liable for the allegedly discriminatory actions of Wright County and the Wright County Sheriff. An entity may be vicariously liable only for the actions of others over whom it exercises control. See 65 C.J.S. Negligence § 152. There is no allegation in the Amended Complaint that Wright County or the Wright County Sheriff were under the control of the State Defendants when they took the actions as alleged in the Amended Complaint. Moreover, Plaintiff has cited no authority for the proposition that, on facts such as these, a state can be vicariously liable for the actions of county officials, and the Court has found no such authority. Thus, Plaintiff's ADA claims against the State Defendants for the actions of Wright County and the Wright County Sheriff must be dismissed.

2.   Corrections Corporation of America

However, Plaintiff's allegations regarding the vicarious liability of the State Defendants for actions of CCA are sufficient to withstand a Motion to Dismiss. Plaintiff has alleged that the State Defendants contracted with CCA to provide correctional services in the State of Minnesota. (Am. Compl. ¶ 5.) This allegation is enough, at this preliminary stage of the litigation, to provide a plausible basis for Plaintiff's claims that the State Defendants had sufficient control over CCA to be vicariously liable for CCA's allegedly discriminatory actions. Therefore, Plaintiff's ADA claims against the State Defendants arising out of CCA's

alleged discrimination are not dismissed.

3.   Sufficiency of Process

Finally, the State Defendants allege that Plaintiff failed to properly serve Defendant Fabian and thus that the claims raised against her in the Amended Complaint must be dismissed. (See Defs.' Supp. Mem. at 7 n.2; Defs.' Reply Mem. at 3; Defs.' Obj. at 5-6.) The R&R did not discuss this argument, and neither Plaintiff's response to the Motion to Dismiss nor his response to the State Defendants' Objections mentions it.

Because there appears to be no dispute that Plaintiff did not effect proper service on Defendant Fabian, the claims against her will be dismissed.

**CONCLUSION**

As the statute and local rules require, the Court has conducted a de novo review of the record regarding Magistrate Judge Noel's Report and Recommendation. See 28 U.S.C. § 636(b)(1); D. Minn. L. R. 72.1(c). Based on that review, the Court concludes that the Magistrate Judge correctly determined that all of Plaintiff's claims save his claims for money damages under the ADA should be dismissed. However, the Court finds that Plaintiff's ADA claims against the State Defendants alleging vicarious liability for the actions of Wright County and the Wright County Sheriff should also be dismissed. Further, the Court finds that Plaintiff failed to properly serve Defendant Fabian and that the claims against her must also be dismissed.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 20) is **GRANTED in part** and **DENIED in part**;

2. All claims in the Amended Complaint against Defendant Fabian are **DISMISSED**; and

3. All claims in the Amended Complaint against the State of Minnesota, save Plaintiff's ADA claim alleging vicarious liability for the actions of the Corrections Corporation of America, are **DISMISSED**.

Dated: October 12, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge